# 23-7386-cv

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

BRIDGEPORT MUSIC INC., WESTBOUND RECORDS, INC.

*Plaintiffs-Counter-Defendants-Appellees,*

*v.*

TUFAMERICA INC., D/B/A TUFF CITY RECORDS, KAY LOVELACE TAYLOR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF LEBARON TAYLOR,

*Defendants-Counter-Claimants-Appellants.*

*On Appeal from the United States District Court for the Southern District of New York*

## PETITION FOR PANEL REHEARING, OR, IN THE ALTERNATIVE, FOR REHEARING *EN BANC*

PARNESS LAW FIRM, PLLC
*Attorneys for Defendants-Counter-Claimants-Appellants*
136 Madison Avenue, 6th Floor
New York, New York 10016
212-447-5299

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................ii

PRELIMINARY STATEMENT .........................................................1

ARGUMENT .......................................................................................3

I.    There Are Multiple Copyright Registrations Purporting to Cover the Same George Clinton Musical Compositions, With Appellants' Registrations Predating Appellees' Registrations ............................................................................................................3

II.   Conflicting Copyright Registrations Cannot Coexist ............................5

III.  Under the Copyright Act, Appellants' Senior Registrations are Valid, and Appellees' Junior Registrations, Filed When Appellees Were On Notice as a Matter of Law of Appellants' Senior Registrations, are Invalid .........................................................5

IV.  The Panel's *Sua Sponte* Recharacterization of the District Court Decision Prevents Resolution of the Conflicting Copyright Registrations, and Cannot Be Reconciled with the District Court's Decision ........................................................................9

V.   The Case Must Be Remanded for Trial.................................................12

CONCLUSION...................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Bell v. Sec'y, Dep't of Corr.*, No. 17-15461-A, 2018 WL 2973145 (11th Cir. Mar. 16, 2018) ..........................................................................................................10

*DiGiore v. Ryan,* 172 F.3d 454 (7th Cir. 1999), *overruled on other grounds, Whetsel v. Network Property Services, LLC,* 246 F.3d 897 (7th Cir. 2001)........10

*Ellering v. Sellstate Realty Sys. Network, Inc.*, 801 F. Supp. 2d 834 (D. Minn. 2011) ..................................................................................................................11

*Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662 (8th Cir. 1995)..........................11

*Mackenzie Architects, PC v. VLG Real Ests. Devs., LLC*, No. 1:15-CV-1105, 2016 WL 4703736 (N.D.N.Y. Sept. 8, 2016) ................................................................7

*Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 224 F.Supp.2d 567 (S.D.N.Y. 2002), *vacated in part on other grounds*, 380 F.3d 624 (2d Cir. 2004) ......................................................5

*McCarney v. Ford Motor Co.,* 657 F.2d 230 (8th Cir. 1981) ..................................10

*Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191 (8th Cir. 1976) ...................11

*Payne v. Panama Canal Co.,* 607 F.2d 155 (5th Cir. 1979)....................................10

*Peterson v. Kolodin*, No. 13 CIV. 793 JSR, 2013 WL 5226114 (S.D.N.Y. Sept. 10, 2013) ....................................................................................................................5

*Silverman v. CBS Inc.*, 632 F. Supp. 1344 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989)......................................................................................................8

*Wilderness Soc. v. Salazar*, 603 F. Supp. 2d 52 (D.D.C. 2009) .............................10

*Williams v. Clarke,* 82 F.3d 270 (8th Cir. 1996) ...................................................11

**STATUTES**

17 U.S.C. § 101 ...................................................................................6

17 U.S.C. § 205(c) ..............................................................................8

17 U.S.C. § 303(b) ..............................................................................6

Federal Rule of Appellate Procedure 35(b) ......................................2

Federal Rule of Appellate Procedure 40 ...........................................1

**OTHER AUTHORITIES**

Patry on Copyright § 17:120 (Competing registrations) ...................5

## PRELIMINARY STATEMENT

Defendants-Counter-Claimants-Appellants TufAmerica Inc., d/b/a Tuff City
Records ("TufAmerica"), and Kay Lovelace Taylor, Individually and on Behalf of
the Estate of Lebaron Taylor ("Dr. Oliver") (together, "Appellants") respectfully ask
the Panel for Rehearing, or, in the alternative, Rehearing *En Banc*, of the Summary
Order dated December 2, 2024 (ECF 53) (the "Summary Order"), attached hereto,
and upon rehearing to vacate and remand to the District Court for trial on the merits.

TufAmerica respectfully submits this petition for Panel rehearing pursuant to
Rule 40 of the Federal Rules of Appellate Procedure. The Summary Order affirmed
the District Court's partial grant of Summary Judgment to Plaintiffs-Counter-
Defendants-Appellees Bridgeport Music Inc. and Westbound Records, Inc.
("Appellees"), finding that Appellants' claims were time-barred. In an effort to try
to address a problem that the Panel had identified with respect to the finality of the
lower court decision, however, the Panel created new problems.

The Panel ruled *sua sponte* that when the District Court dismissed Appellants'
counterclaims claims as time-barred, the District Court **also** dismissed Appellee's
mirror-image claims as moot, notwithstanding the fact that the District Court
specifically ruled that Appellees' claims were **not** time-barred, and specifically
ordered the parties to proceed immediately to a trial on the merits. It also created an
untenable situation with respect to the parties' competing copyright registrations for

the same set of musical compositions.  It is in connection with this portion of the Summary Order, and its wide-ranging impact on the case, that Appellants primarily seek rehearing.

In the alternative, Appellant respectfully submits this petition for rehearing *en banc* pursuant to Rule 35(b) of the Federal Rules of Appellate Procedure, as the panel decision involves a questions of exceptional importance, namely:

(i)     Whether the *sua sponte*-rendered opinion of the Panel that Appellees' claims had been dismissed as moot can be reconciled with the District Court's explicit ruling that Appellees' claims were timely, and ordering the parties to proceed to trial on the merits.

(ii)    Whether the *sua sponte*-rendered opinion of the Panel that Appellees' claims had been dismissed as moot, which as a legal matter means that Appellees' claims are **untimely**, can be reconciled with the District Court's explicit ruling that Appellees' claims **were** timely, and ordering the parties to proceed to trial on the merits.

(iii)   Whether the practical impact of the Panel's *sua sponte* determination, leaving **neither party** with the ability to reconcile the validity of the multiple copyright registrations covering the same George Clinton musical compositions, can be allowed to persist.

These question – which arose only because of and following the Panel's *sua sponte* determination that Appellee's claims were dismissed as moot – go to the heart of the Copyright Office's registration regime, the important role that the Courts (and not the Copyright Office) play in resolving any differences that arise, and the need for clarity and certainty not just for Appellants and Appellees, but the broader music

- 2 -

licensing community and industry.  These are issues of exceptional importance that, in the alternative to Panel reconsideration, should be reconsidered *en banc*.

For these reasons, Appellants respectfully request Panel rehearing, or, in the alternative, rehearing *en banc*.

## ARGUMENT

**I.    There Are Multiple Copyright Registrations Purporting to Cover the Same George Clinton Musical Compositions, With Appellants' Registrations Predating Appellees' Registrations**

This case concerns six musical compositions written by non-party George Clinton (the "Clinton Compositions"), and competing claims by the parties regarding the Clinton Compositions, based on competing sets of copyright registrations (with Appellant TufAmerica's registrations – the **senior** registrations – predating any registrations held by Appellees).  The Clinton Compositions are:

1. "I'll Stay" a/k/a "I'll Wait"

2. "Let's Make It Last"

3. "The Goose (That Laid the Golden Egg)"

4. "Can You Get To That" a/k/a "What You Been Growing"

5. "Good Old Music"

6. "The Victor" a/k/a "Baby I Owe You Something Good"

A599 ¶ 3.  Appellants maintain that Clinton conveyed the copyrights in the Clinton Compositions to the late LeBaron Taylor ("Taylor") in or about 1965 (A648 ¶ 134),

and that Appellant Dr. Oliver conveyed the copyrights to Appellant TufAmerica in 2011 and 2019. A655-57 ¶¶ 139-42 & A548-54, 55-57. Appellees claim that Clinton conveyed the rights to Appellees between 1967 and 1991. A603-08 ¶¶ 21-32; A338-410.

Taylor registered at least five of the six Clinton Compositions (in his name or one of his companies' names) with the United States Copyright Office, as unpublished works, in 1967 and 1968). In 1971 through 1975, Appellees applied for copyright registrations for the same five Clinton Compositions for which Taylor had already secured registrations in 1967 and 1968. Thus, for at least five of the Clinton Compositions at issue, there are **two** registrations at the Copyright Office, in each instance with Appellants' registration predating Appellees':

| Composition | Appellants' Registration Date | Appellants' Registration No. | Appellees' Registration Date | Appellees' Registration No. |
|---|---|---|---|---|
| "I'll Stay" a/k/a "I'll Wait" | 1/25/1967 (A646-48 ¶ 133; A580-83) | EU976770 | 10/9/1974 (A616 ¶ 59; A438-40) | EU891961 |
| "Let's Make It Last" | 8/9/1967 (A646-48 ¶ 133; A575-77) | EU8922 | 10/17/1973 (A614 ¶ 52; A427-29) | EU438646 |
| "The Goose (That Laid the Golden Egg)" | 11/29/1967 (A646-48 ¶ 133; A591-93) | EU27528 | 6/30/1975 (A620 ¶ 72; A263-64) | EU597869 |
| "Can You Get To That" a/k/a "What You Been Growing" | 11/29/1967 (A646-48 ¶ 133; A586-88) | EU27527 | 9/8/1971 (A618 ¶ 67; A443-51) | EU274894 |

| "Good Old Music" | 5/31/1968 (A646-48 ¶ 133; A567-69) | EU56256 | 2/16/1971 (A612 ¶ 45; A419-21) | EU232643 |
|---|---|---|---|---|

## II.     Conflicting Copyright Registrations Cannot Coexist

The existence of multiple copyright registrations for the same work – when it occurs – is improper and untenable. *Peterson v. Kolodin*, No. 13 CIV. 793 JSR, 2013 WL 5226114, at *5 (S.D.N.Y. Sept. 10, 2013) ("it is clear that both registrations cannot stand simultaneously"). The Copyright Office, however, does not resolve such disputes. *See Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 224 F.Supp.2d 567, 586 (S.D.N.Y. 2002), *vacated in part on other grounds*, 380 F.3d 624 (2d Cir. 2004) ("The Copyright Office is an office of record and it does not have the authority to adjudicate adverse or conflicting claims submitted for registration.") (*quoting* statement of Copyright Office). That role is left to the Courts. *See* 5 Patry on Copyright § 17:120 (Competing registrations) ("Obviously, only one registration can ultimately be valid, but how should courts handle competing claims?").

## III.     Under the Copyright Act, Appellants' Senior Registrations are Valid, and Appellees' Junior Registrations, Filed When Appellees Were On Notice as a Matter of Law of Appellants' Senior Registrations, are Invalid

Resolution of which set of copyright registrations are valid **would be** an inordinately simple question in this case – governed explicitly by statute – if only it were allowed to go before a court.

Section 401(c) of the Copyright Act reads as follows:

In any judicial proceedings the certificate of a registration made **before or within five years after first publication** of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c) (emphasis added).

Although "publication" is **currently** defined as "the distribution of **copies or phonorecords** of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending," 17 U.S.C. § 101 (emphasis added), it is also the case that "[t]he distribution **before January 1, 1978**, of a phonorecord shall not for any purpose constitute a publication of any musical work, dramatic work, or literary work embodied therein." 17 U.S.C. § 303(b) (emphasis added).

Completely consistently with the foregoing, the 1967-1968 copyright registrations upon which Appellant relies were all filed based on **unpublished** works, which is made clear by the fact that they used the "EU" form, received "EU" registrations, and left the publication information blank, as instructed, for example:



Page 1

FORM E

# Application for Registration of a Claim to Copyright

in a musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America

| CLASS | REGISTRATION NO. |
| --- | --- |
| E | Eu 975770 |
| | DO NOT WRITE HERE EP EU |

Instructions: Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 9. For published works the application should not be submitted until after the date of publication given in line 4(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C., 20540, together with:

(a) If unpublished, one complete copy of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

1. Copyright Claimant(s) and Address(es): Give the name(s) and address(es) of the copyright owner(s). In the case of published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited.

Name: Groovesville Music

Address: 517 Pavilion, 1 Lafayette Plaisance, Detroit, Michigan 48207

Name:

Address:

EXHIBIT 12

2. Title: "I'LL WAIT"

(Give the title of the musical composition as it appears on the copies)

Detroit, Mich. (State which: words, music, arrangement, etc.)

NOTE: Leave all spaces of line 4 blank unless your work has been PUBLISHED.

4. (a) Date of Publication: Give the date when copies of this particular version of the work were first placed on sale, sold, or publicly distributed. The date when copies were made or printed, or the date when the work was performed should not be confused with the date of publication. (NOTE: The full date (month, day, and year) must be given.)

(Month) (Day) (Year)

(b) Place of Publication: Give the name of the country in which this particular version of the work was first published.

A580-83. *See also* A567-69; A575-77; A586-88; A591-93. *See Mackenzie Architects, PC v. VLG Real Ests. Devs., LLC*, No. 1:15-CV-1105, 2016 WL 4703736, at *9, *13 n. 5 (N.D.N.Y. Sept. 8, 2016) ("The Court will find, for the purposes of the instant motion, that the Plaintiff has alleged that the architectural drawings in question were **unpublished**….Thus, the Court will consider the registrations as *prima facie* evidence of validity for purposes of the instant motion.") (emphasis added); *Silverman v. CBS Inc.*, 632 F. Supp. 1344, 1351 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870

F.2d 40 (2d Cir. 1989) ("CBS registered these **unpublished** radio scripts with the Copyright Office….In the absence of any evidence rebutting this presumption of validity, we conclude that CBS holds valid copyrights in the post-1948 radio scripts") (emphasis added).

Under 17 U.S.C. § 410(c), therefore, each of Appellants' registrations – for **unpublished** musical compositions – was made "**before**…first publication of the work," which means that each "constitute[s] **prima facie evidence** of the validity of the copyright and of the facts stated in the certificate."

Having established that Appellants' 1967-1968 registrations were *prima facie* evidence of the validity of those registration, Section 205(c) of the Copyright Act instructs:

> Recordation of a document in the Copyright Office **gives all persons constructive notice** of the facts stated in the recorded document [if (1)] it would be revealed by a reasonable search under the title or registration number of the work; and (2) registration has been made for the work.

17 U.S.C. § 205(c) (emphasis added).

Appellants' 1967-1968 *prima facie* registrations were recorded, included the titles of the works, and self-evidently were registered.  As such, the 1967-1968 registrations gave "all persons constructive notice" of the contents of the registrations, *i.e.* that the copyrights in the Clinton Compositions were owned by Taylor and his companies.  This includes Appellees, when they filed their own

- 8 -

applications for registrations in the years following. Any court seeking to determine **which** set of copyright registrations – Appellants' 1967-1968 registrations or Appellees' 1971-1975 registrations – would acknowledge that the Copyright Act itself dictates that Appellants' senior registrations for unpublished works should prevail, and Appellees' junior registrations, made when Appellees were on *prima facie* notice, are invalid.

## IV. The Panel's *Sua Sponte* Recharacterization of the District Court Decision Prevents Resolution of the Conflicting Copyright Registrations, and Cannot Be Reconciled with the District Court's Decision

The District Court held that Appellees' claims were not time-barred (SPA26), but that they had failed to satisfy their burden under Rule 56, denying their motion for summary judgment with respect to their affirmative claims. SPA21. The District Court went on to hold that Appellant's mirror-image claims **were** time-barred. SPA31. Thereafter, Appellees' moved for conditional dismissal of their claims, so as to create finality for purposes of appeal, and Appellants joined in that request in the event that their motion for reconsideration before the District Court was denied (which it was). SPA 34.

The Panel questioned the propriety of conditional dismissal on the facts of this case, and thus questioned the finality of the District Court's decision. At the request of the Panel (ECF 46), both parties submitted supplemental letter briefs on the issue ECF 47 & 49, and the issue occupied a significant portion of the oral argument

before the Panel.[1]  In the Summary Order, the Panel addressed the issue as follows:

> As a threshold matter, notwithstanding the conditional dismissal order, the district court's dismissal of the counterclaims created finality such that this Court has subject matter jurisdiction to hear this appeal….Accordingly, we deem Appellees' affirmative claims to have been dismissed as moot, creating a final judgment for this Court to review on appeal.

ECF 53 at 4 n. 1.  This attempt at resolution by the Panel, however, created a new set of problems.

Claims dismissed as moot are considered to have been dismissed **without** prejudice.  *See Bell v. Sec'y, Dep't of Corr.*, No. 17-15461-A, 2018 WL 2973145, at *1 (11th Cir. Mar. 16, 2018); *Wilderness Soc. v. Salazar*, 603 F. Supp. 2d 52, 72-73 (D.D.C. 2009) (*citing Payne v. Panama Canal Co.,* 607 F.2d 155, 158 (5th Cir. 1979); *DiGiore v. Ryan,* 172 F.3d 454, 466 (7th Cir. 1999), *overruled on other grounds, Whetsel v. Network Property Services, LLC,* 246 F.3d 897 (7th Cir. 2001); *McCarney v. Ford Motor Co.,* 657 F.2d 230, 234 (8th Cir. 1981)).

Indeed, "it is beyond peradventure that a '[d]ismissal without prejudice operates to leave the parties *as if no action had been brought at all.*' Accordingly, a voluntarily dismissed case **cannot toll the statute of limitations, because it is of no effect – it is a legal nullity**." *Ellering v. Sellstate Realty Sys. Network, Inc*., 801

---

[1] Audio of oral argument available at https://ww3.ca2.uscourts.gov/decisions/isysquery/e76030d8-39db-4c73-a877-bb781004f7cb/113/doc/23-7386.mp3.

- 10 -

F. Supp. 2d 834, 842 (D. Minn. 2011) (*quoting Moore v. St. Louis Music Supply Co.,*
539 F.2d 1191, 1194 (8th Cir. 1976) (emphasis added, italics added by *Ellering* court)
*and citing Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir. 1996); *Garfield v. J.C.*
*Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir. 1995)).

The District Court held that even though Appellees had not met their burden
under Rule 56, their claims – filed in 2018 – were not time-barred, because they
"filed the instant case in January 2018, a month after Defendants sent Plaintiffs a
letter claiming ownership of the copyrights in the Compositions," and Appellants
"have not offered evidence that Plaintiffs were earlier 'put on inquiry [notice] as to
the existence of a right….'"  SPA23 (referencing "Defendants' December 11, 2017
letter").

Now that the Panel has decided that the District Court in fact dismissed
Appellees' claims as moot, those claims have as a matter of law been dismissed
without prejudice, and are a "legal nullity" that cannot and did not toll the statute of
limitations.  Under the Panel's conception of what transpired, therefore, Appellees'
ownership claims accrued on December 11, 2017, **and expired on December 11,**
**2020**.

This result is directly contrary to what the District Court held (that Appellees'
claims **were not time-barred and would be tried immediately** (SPA32) (July 26,
2023: "[t]his case will proceed to trial on September 5, 2023"), and leaves **both** sides

- 11 -

without the ability to adjudicate which set of copyright registrations are the valid ones, an untenable result that will create confusion and uncertainty not only for Appellees and Appellants, but in the broader music marketplace for all parties that seek to do business with them and to license the well-known Clinton Compositions.

## V.    The Case Must Be Remanded for Trial

The Panel clearly disagreed with the parties and the District Court on the subject of conditional dismissal – in the Panel's view, it would not have been appropriate for **Appellees** to conditionally dismiss their claims pending **Appellants'** appeal of the dismissal of their claims.  The Panel's attempted solution to the finality issue, however, cannot and should not stand.  By *sua sponte* deeming Appellees' claims dismissed as moot, the Panel (inadvertently, almost certainly) caused Appellees' claims to **also become time-barred**, a result that cannot be reconciled with the District Court's holding that Appellees' claims were timely and that the case would immediately "proceed to trial" some five weeks thereafter.  The Panel decision should be vacated, and the case returned to the District Court to proceed to a trial on the merits, only after which should an appeal proceed.

## CONCLUSION

Defendants-Counter-Claimants-Appellants TufAmerica Inc., d/b/a Tuff City Records, and Kay Lovelace Taylor, Individually and on Behalf of the Estate of

- 12 -

Lebaron Taylor, respectfully request that the Court grant its Petition for Panel Rehearing, or in the alternative for Rehearing *En Banc*.

December 17, 2024                              Respectfully submitted,

<div style="text-align:right">

_____/s/_____

HILLEL I. PARNESS
PARNESS LAW FIRM, PLLC
136 Madison Ave., 6th Floor
New York, New York 10016
(212) 447-5299
hip@hiplaw.com
*Counsel for Defendants-Counter-*
*Claimants-Appellants TufAmerica*
*Inc., d/b/a Tuff City Records, and*
*Kay Lovelace Taylor, Individually*
*and on Behalf of the Estate of*
*Lebaron Taylor*

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 40(b)(1), I hereby certify that the foregoing brief was produced using the Times New Roman 14-point typeface and contains 2,562 words.


_____
/s/
Hillel I. Parness

**SUMMARY ORDER**

23-7386-cv
*Bridgeport Music Inc. v. TufAmerica Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-four.

PRESENT:
         SUSAN L. CARNEY,
         JOSEPH F. BIANCO,
         WILLIAM J. NARDINI,
              *Circuit Judges.*

_____

BRIDGEPORT MUSIC INC., WESTBOUND RECORDS, INC.,

         *Plaintiff-Counter-Defendants-Appellees*,

         v.                                                          23-7386-cv

TUFAMERICA INC., D/B/A TUFF CITY RECORDS, KAY LOVELACE TAYLOR, Individually and on behalf of the Estates of LeBaron Taylor,

         *Defendant-Counter-Claimants-Appellants.*

_____

| | |
|---|---|
| FOR DEFENDANT-COUNTER-CLAIMANTS-APPELLANTS: | HILLEL IRA PARNESS, Parness Law Firm, PLLC, New York, New York. |
| FOR PLAINTIFF-COUNTER-DEFENDANTS-APPELLEES: | RICHARD S. BUSCH, King & Ballow, Nashville, Tennessee. |

Appeal from the orders of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's orders, entered on July 26, 2023 and September 11, 2023, are **AFFIRMED**.

Defendant-Counter-Claimants-Appellants TufAmerica Inc., d/b/a Tuff City Records, and Kay Lovelace Taylor, individually and on behalf of the estates of LeBaron Taylor, appeal from the district court's partial grant of summary judgment, pursuant to Federal Rule of Civil Procedure 56, in favor of Plaintiff-Counter-Defendants-Appellees Bridgeport Music Inc. and Westbound Records Inc., and denial of a motion for reconsideration, on Appellants' counterclaim for a declaratory judgment that they are the rightful owners of the copyrights to certain George Clinton compositions (the "Compositions"), as well as the related counterclaims for copyright infringement and an accounting of damages. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In December 2017, Appellants issued a letter to Appellees stating that they were the rightful owners of the copyrights to the Compositions, and that, by exploiting the Compositions, Appellees had infringed on those copyrights. After the parties attempted, but were unable, to resolve the dispute, Appellees filed a complaint against Appellants on January 11, 2018, in the Eastern District of Michigan, seeking a declaratory judgment that, *inter alia*, they were the rightful owners of the copyrights to the Compositions, and, as such, they had not committed copyright infringement. The case was transferred in February 2019 to the Southern District of New York. On May 8, 2019, Appellants filed an amended answer and asserted counterclaims, seeking a declaratory judgment

2

that they were the rightful owners of the Compositions, and alleging, *inter alia*, that Appellees had committed copyright infringement.

Appellees then moved on January 18, 2022 for summary judgment on their affirmative claims and Appellants' counterclaims.   On July 26, 2023, the district court granted partial summary judgment in favor of Appellees.   *See generally Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19-cv-1764 (PGG), 2023 WL 4763725 (S.D.N.Y. July 26, 2023).   More specifically, the district court denied summary judgment as to Appellees' affirmative claims, holding that genuine disputes of material facts existed regarding ownership of the Compositions, *id*. at *7–11, and it granted summary judgment in favor of Appellees as to Appellants' counterclaims on the ground that they are time-barred, *id*. at *14–16.   In doing so, the district court determined that the uncontroverted evidence showed that, through their predecessor-in-interest, LeBaron Taylor, Appellants were aware in the 1970s that Appellees had released recordings containing the Compositions, and that, despite knowing that their alleged ownership was being exploited, Appellants received no royalties to which they were allegedly entitled for the Compositions and made no claims for payment at that time.   *Id.* at *14–15.   Based on this record, the district court held that Appellants' claims accrued in the 1970s when they learned that Appellees were exploiting ownership in the Compositions, with Appellants receiving no royalties, and further held that, because Appellants did not assert any claims until this lawsuit was initiated in 2018, their counterclaims were time-barred under the Copyright Act's three-year statute of limitations.   *Id.*

After the district court issued its summary judgment decision, each party moved for additional relief.   On August 8, 2023, Appellees submitted a letter to the district court, in which they argued that "[t]he sole reason this action was filed has now been mooted by the Court's

dismissal of [Appellants'] counterclaims." Dist. Ct. Dkt. No. 111 at 1. Moreover, Appellees requested, in the absence of any live dispute between the parties, and with Appellants' consent, that the district court conditionally dismiss Appellees' pending affirmative claims, allowing them to be reinstated should Appellants prevail on a motion for reconsideration of the summary judgment decision or on appeal to this Court. *Id.* Appellants subsequently filed a motion for reconsideration, which the district court denied in an order issued on September 10, 2023. *See generally Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19-cv-1764 (PGG), 2023 WL 5917635 (S.D.N.Y. Sept. 10, 2023). In that same order, the district court granted the parties' request to conditionally dismiss Appellees' affirmative claims. *Id.* at *9–10. This appeal followed.[1]

"We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no

---

[1]  As a threshold matter, notwithstanding the conditional dismissal order, the district court's dismissal of the counterclaims created finality such that this Court has subject matter jurisdiction to hear this appeal. In declaratory judgment actions, "[a] case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks and citation omitted). Here, once the counterclaims were dismissed, as the parties jointly argued in the district court, there was no longer a live controversy between them regarding the ownership of the copyrights to the Compositions, which was the basis for Appellees' affirmative claims. Accordingly, we deem Appellees' affirmative claims to have been dismissed as moot, creating a final judgment for this Court to review on appeal. *See N.Y. State Telecomms. Ass'n, Inc. v. James*, 101 F.4th 135, 143 (2d Cir. 2024) (emphasizing "the Supreme Court's mandate that 'finality is to be given a practical rather than a technical construction'" (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 37 (2017))); *see also Kwan v. Schlein*, 634 F.3d 224, 232 (2d Cir. 2011) (finding appellate jurisdiction was proper, after parties conditionally dismissed counterclaims because, after prevailing on summary judgment, there was "no reason to continue to pursue their claims").

4

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Pursuant to Section 507(b) of the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).   Where, as here, ownership of a copyright is at issue, a "claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." *Kwan*, 634 F.3d at 228 (internal quotation marks and citation omitted).   "This Court has identified at least three types of events that can put a potential plaintiff on notice and thereby trigger the accrual of an ownership claim: public repudiation; private repudiation in communications between the parties; and implicit repudiation by conspicuously exploiting the copyright without paying royalties."  *Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 118 (2d Cir. 2018) (internal quotation marks and citation omitted).

On appeal, Appellants contend that the district court erred in granting summary judgment in favor of Appellees and dismissing Appellants' counterclaims as time-barred under the Copyright Act, arguing, *inter alia*, that the record does not support a finding that Appellants were on notice in the 1970s that Appellees had exploited ownership in the Compositions, and thus Appellants' counterclaims did not accrue at that time.   Specifically, Appellants assert that, in concluding that their claims were time-barred, the district court improperly relied upon on a disputed fact—namely, that Appellants' predecessor-in-interest, LeBaron Taylor, became aware in the 1970s that Appellees had released recordings of the Compositions when he played those records on the air as a disc jockey at a radio station in Detroit, Michigan.   We find these arguments unpersuasive.

5

As an initial matter, Appellants admitted to the very facts they now claim are in dispute. Specifically, in their Rule 56.1 response and counterstatement of material facts, Appellants admitted that Taylor worked as a disc jockey at a Detroit radio station in the 1970s and played Appellees' recordings of the Compositions on air.   Although Appellants now attempt to argue that their admissions were made in error and should not be binding on them because they are unsupported by the record, that argument is unavailing.   "Parties are bound by their concessions in Rule 56.1 Statements," and, as a result, they cannot "walk back these admissions to create genuine issues of material fact." *McKinney v. City of Middletown*, 49 F.4th 730, 744 (2d Cir. 2022) (internal quotation marks and citation omitted); *see also Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) (explaining that "[f]acts admitted . . . are judicial admissions that bind the [party] throughout [the] litigation").   As such, based on Appellants' admission, it was proper for the district court to determine that Appellants were aware in the 1970s that Appellees were exploiting ownership in the Compositions.[2]   *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]e have affirmed the grant of summary judgment on the basis of uncontested assertions in the moving party's Local Rule 56.1 statement."), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

Moreover, the district court was correct in determining that Appellants' claims accrued in the 1970s when Appellants, as Taylor's alleged successors-in-interest, became aware that Appellees

---

[2]  In any event, the fact at issue regarding Taylor's knowledge of exploitation of the Compositions in the 1970s was sufficiently supported by the record.   In particular, Armen Boladian, owner of Bridgeport Music and Westbound Records, stated, in a sworn declaration, "[i]n the 60s and 70s, . . . [w]hen Taylor worked at the radio station, I would take him Westbound records to play and promote," including the "recordings that Clinton recorded for Westbound."   App'x at 317–18, ¶¶ 15–17; *see also* App'x at 226 (Boladian Depo.) ("[Taylor] was a D.J. and we would take records over to promote them . . . at the radio station he worked for . . . .").   Appellants point to no evidence in the record that controverts Boladian's sworn statements.

were exploiting ownership by releasing recordings of the Compositions, and are thus time-barred. As we have previously held, "learning that another [] is exploiting [a] work is sufficient notice that royalties are due," and when a party has "knowledge of an entitlement to royalties that are not being paid," a copyright ownership claim accrues. *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 319 (2d Cir. 2013). Here, as explained *supra*, it is undisputed that Appellants, through Taylor, were aware in the 1970s that Appellees were exploiting ownership in the Compositions. Further, as an experienced record executive, Taylor would have expected to receive royalties as compensation for that exploitation. However, it is also undisputed that Taylor did not receive any such royalties. Based on these undisputed facts, the district court properly held that Appellants' claims accrued at the time Taylor became aware that ownership in the Compositions was being exploited but did not receive the royalties to which he allegedly was entitled. Therefore, because accrual of Appellants' claims occurred in the 1970s, but Appellants did not bring any claims until Appellees initiated this lawsuit in 2018, the district court correctly concluded that "any claim of copyright ownership by [Appellants] would be time-barred" by the Copyright Act's three-year statute of limitations period.[3] *Bridgeport*, 2023 WL 4763725, at *15.

Finally, because the ownership counterclaim is time-barred, the district court also properly granted summary judgment to Appellees on the related counterclaims for infringement and

---

[3] Because we conclude that Appellants' counterclaim for a declaratory judgment on ownership is time-barred based upon Taylor's knowledge in the 1970s that the Compositions were being exploited by another record company, we need not address the district court's alternative holding that Appellants' counterclaims "accrued—at the latest—in 2011, when TufAmerica purchased rights in the Compositions from [Taylor's widow]" and "[a]s a result of their dealings with [the widow] were on inquiry as to the existence of a right at that time." *Bridgeport*, 2023 WL 4763725, at *15 (internal quotation marks and citation omitted). Similarly, we need not address Appellees' alternative arguments for dismissal of Appellants' counterclaims.

accounting of damages.  *See Kwan*, 634 F.3d at 226 ("[A] time-barred ownership claim will bar a claim for copyright infringement where . . . the infringement claim cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright.").

<p style="text-align:center">*                          *                          *</p>

We have reviewed Appellants' remaining arguments and find them to be without merit.[4] Accordingly, we **AFFIRM** the district court's orders.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[4] To the extent Appellants also argue on appeal that the district court erred by concluding that Appellees' affirmative claims were timely, those claims are not before us because they have been conditionally dismissed and, in any event, as discussed *supra* n.1, are moot as between Appellants and Appellees.